UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED WALKER, | ) |
| Movant, | ) |
| vs. | ) No. 4:07CV127 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. For the reasons set forth below, the motion is denied, without a hearing.

### Facts and Background

On July 28, 2005, Movant was found guilty by a jury of the crime of knowingly possessing one or more firearms having been previously convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment against him. Movant was sentenced by this Court on October 20, 2005 to 96 months imprisonment and a term of two years supervised release.

Movant appealed this judgment, and on December 20, 2006, the Eighth Circuit Court of Appeals affirmed. The Appellate Court's Mandate was issued on

January 19, 2007. In this appeal, Movant argued that the Court erred in the admission of his prior robbery conviction under Federal Rule of Evidence 404(b) because the conviction was not relevant to the charged offense, was too remote in time and was overly prejudicial. The Appellate Court disagreed, and affirmed Movant's conviction. The Appellate Court analyzed the requirements for admission of evidence under Rule 404(b) and found admission of the prior conviction was not an abuse of this Court's discretion.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## Discussion

Movant raises the same argument herein that he raised on appeal. Movant's motion must therefore be denied. It is well established that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. *United States v. Shabazz*, 657 F.2d 189 (8th Cir. 1981); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

Likewise, Movant's argument that he did not receive reasonable notice of the Government's intent to use 404(b) evidence is without merit. Initially, this argument has been waived because Movant failed to raise it on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Furthermore, the record conclusively establishes

that the Government did indeed give reasonable notice of its intent to use 404(b) evidence. The Government filed its Notice of Intent to Introduce 404(b) evidence on October 26, 2004. Movant and his counsel were clearly aware prior to trial of this proposed evidence.

## Conclusion

Based upon the foregoing analysis, the ground presented by Movant fails to establish that Movant is entitled to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 28th day of April, 2008.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE