UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED WALKER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:08CV127 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's Amended Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 11]. The government has responded to the motion. For the reasons set forth below, the motion is denied, without a hearing.

## Facts and Background

On July 28, 2005, Movant was found guilty by a jury of the crime of knowingly possessing one or more firearms having been previously convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment against him. Movant was sentenced by this Court on October 20, 2005 to 96 months imprisonment and a term of two years supervised release.

Movant appealed this judgment, and on December 20, 2006, the Eighth Circuit Court of Appeals affirmed. The Mandate of the was Appellate Court issued

on January 19, 2007. In his appeal, Movant argued that the Court erred in the admission of his prior robbery conviction under Federal Rule of Evidence 404(b) because the conviction was not relevant to the charged offense, was too remote in time and was overly prejudicial. The Appellate Court disagreed, and affirmed Movant's conviction. The Appellate Court analyzed the requirements for admission of evidence under Rule 404(b) and found admission of the prior conviction was not an abuse of this Court's discretion.

Petitioner filed his original Motion for Relief pursuant to 28 U.S.C. § 2255 on January 25, 2008. The Government responded. On April 28, 2008, the Court denied the motion. Petitioner, however, filed a motion to reconsider because he claimed not to have received Respondent's response. The Court vacated the April 28, 2008 Opinion on June 27, 2008. Movant filed an Amended Motion on July 8, 2008, to which the Government has filed a response. Movant has filed a reply to the response.

## Standards for Relief Under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## **Facts and Background**

Movant was indicted by a grand jury on one count of being a previously convicted felon in possession of a firearm. Beginning on July 25, 2005, trial on the charge began. Movant testified at trial and denied any knowledge of the handguns

that were found in his bedroom.

Movant also denied, during his testimony, that he had consumed any heroin. However, the medical records admitted into evidence contain notations of Movant's consumption of heroin and of his daily use of heroin.

Movant was convicted of the charge. He was sentence to 96 months imprisonment. This sentence included a two level enhancement for obstruction of justice because Movant knowingly made false statements under oath during his testimony.

Movant appealed his conviction. On appeal, Movant argued that the admission of evidence of his prior conviction for robbery under Fed.R.Evid. R 404(b) was improper. Movant's conviction was affirmed. *United States v. Walker*, 470 F.3d 1271 (8th Cir. 2006).

### Discussion

Movant raises three claims in his Amended Motion:

**Ground One**: Movant claims that his medical records prove that he did not commit perjury when he testified that heroin was not ingested. Movant did not raise this matter on appeal. As such, he is barred from raising it in this collateral proceeding, absent a showing of cause and prejudice.

Section 2255 relief is not available to correct errors which could have been

raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. See *United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir.1988) (per curiam ).
*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir.1993) (per curiam ); accord *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." See *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *Frady*, 456 U.S. at 170, and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense).

Movant claims he did not raise this issue on appeal because the government did not produce the allegedly exculpatory hospital records. This claim is belied by

the record before the Court.  Counsel for the government asserts, and produces documentation, that he did indeed produce the records.  Further, the records were admitted into evidence at trial.  There is absolutely no support for Movant's claim that the records were not produced.

Likewise, Movant's claim that counsel was ineffective for never verifying the government claim that he ingested heroin is unsupported.  Counsel obtained the medical records and used them at trial.  The medical records contain various references to Movant's ingestion of heroin.  It was within the jury's purview to assess those records and the contents therein.

Moreover, as the government points out, in addition to the heroin testimony, Movant also testified that he had no knowledge of the guns that were found in his residence.  The jury clearly found this testimony to be false.  Thus, the enhancement would apply in any event.

**Ground Two**: The trial court and appellate court abused its discretion by admitting the 404(b) evidence.

Movant raises the same argument herein that he raised on appeal.  Movant's motion must therefore be denied.  It is well established that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.  *United States v. Shabazz*, 657 F.2d 189 (8th Cir.

1981); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

**Ground Three**: Movant should not receive a one point sentence enhancement for a State of Missouri charge of stealing.

Once again, this ground is barred because Movant did not raise it on appeal. In an effort to avoid the procedural bar, Movant argues that "he received more jail time because of ineffective assistance of counsel." Movant's ineffective assistance of counsel claim regarding the one point enhancement is without merit.

At the time the Pre-Sentence Investigation Report was prepared, the Sentencing Guidelines in effect and used in the preparation of the Report were those effective November 1, 2004. Section 4A1.2(c) provided:

> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, excepts as follows:
>
> > (1) Sentences for the following prior offenses and offenses similar to them by whatever name they are known, are counted if (A) the sentence was a term of probation *of at least one year* or a term of imprisonment of at least thirty days. . .

2004 United States Sentencing Guideline Manual, § 4A1.2(c)(1). (Emphasis added). The Sentencing Guidelines effective at the time of Movant's sentence, clearly encompass the sentence of Movant's probation for one year. His argument apparently relies on the 2008 Sentencing Guidelines Manual, which did not exist at

the time of Movant's sentencing.  His claim is without merit, and his ineffective assistance of counsel claim for counsel's failure to object to the one point enhancement is likewise without merit.

## Conclusion

Based upon the foregoing analysis, the grounds presented by Movant fail to establish that Movant is entitled to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 11], is **Denied**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 5th day of October, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE